## CIRCUIT COURT OF HENRICO COUNTY

Thomas Beadles

    v.

Donald L. Boswell

              Case No. 88C1217

Alvin W. West

    v.

Donald L. Boswell

              Case No. 88C1308

              January 13, 1989

By JUDGE GEORGE F. TIDEY

The question for the Court is whether or not Deputy Beadles (Beadles) and Deputy West (West) are "employees" of Sheriff Boswell (Boswell) that would entitle them to the State Grievance Procedure or a plan that qualifies under Virginia Code § 15.1-48. It says in part:

> The sheriff of any county or city . . . may at the time he qualifies . . . appoint one or more deputies, who may discharge any of the official duties of their principal during his continuance in office . . . The sheriff of any county or city making an appointment of any deputy under the provisions of this section . . .
> The sheriff may appoint as deputies . . .
> The officer making any such appointment shall

> certify the same to the court . . . Any such
> deputy may be removed from office by his principal
> . . .

It is clear from the statute that deputy sheriffs are appointees of the sheriff and serve at the will and pleasure of their principal. The statute having granted to principals the right to remove appointees from office does not also afford to deputies those grievance procedures afforded to employees who are not appointees.

I do not hold that a deputy is not an "employee" of the sheriff. The important distinction is the "root" of employment. If it is based on an appointment pursuant to Virginia Code § 15.1-48, it has a status distinct from those "employees" who are hired through normal channels. The underlying basis for this is that appointees are entitled to discharge any of the official duties of their principal. Therefore, the principal being an officer elected by the people is entitled to have the persons he or she chooses to carry out their duties.

Beadles and West, at the time of their appointment, knew or should have known that their employment was based on the will of Boswell. Surely they knew that if Boswell were not re-elected, they were not guaranteed a continued appointment.

There is no doubt that the review procedure established by Boswell does not meet the standards established by Virginia Code § 2.1-114.5:1. However, this section specifically exempts: "1. Appointees of elected groups or individuals."

For the reasons stated above, I hold that Beadles and West are not protected by the state grievance procedure.